UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA MUZUMALA,

                Plaintiff,

-against-

UNKNOWN FEDERAL AGENTS, et al.,

                Defendants.

22-CV-7851 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1981, 1983, 1985, and 1986, alleging that Defendants conspired to violate his rights. By order dated January 23, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Plaintiff has filed motions seeking a temporary stay of the proceedings, initial discovery to identify the defendants, and leave to amend the complaint. (ECF 7-10.) For the following reasons, the Court denies the motions.

## DISCUSSION

**A.**    **Motion to Amend the Complaint and Request to Stay the Proceedings**

Plaintiff requests leave to submit an amended complaint (ECF 10). Under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend his complaint once as of right within a certain timeline. As Plaintiff's filing of an amended complaint is permitted under Rule 15(a), his request to amend is not necessary. The Court therefore denies the motion. Should Plaintiff choose to amend his complaint, he may submit an amended complaint within 45 days of the date of this order.

Plaintiff also request to stay the proceedings until May 19, 2023 (ECF 8). Because Plaintiff will have 45 days' leave to amend the complaint, the Court declines to stay this case.

**B.     Plaintiff's Motion for Initial Discovery**

Plaintiff moves for an order under Rule 26(a) of the Federal Rules of Civil Procedure to compel Defendants to comply with his initial discovery request to identify the Jane and John Doe defendants he seeks to sue (ECF 7). The Court denies this motion as premature. Before Plaintiff may seek judicial intervention under Rule 26(a), (1) Defendants must answer the complaint, (2) the parties must confer on a discovery plan, (3) Plaintiff must serve written discovery demands on Defendants, and (4) the parties must make good-faith efforts to resolve any discovery disputes that may arise. *See* Fed. R. Civ. P. 26(d) (timing of discovery); Fed. R. Civ. P. 37(a)(1) (requiring good-faith efforts to resolve discovery disputes before seeking judicial intervention); Local Civil Rule 37.2 (method of raising discovery disputes with the court). The Court therefore denies Plaintiff's motion for initial discovery as premature.

## CONCLUSION

The Court denies Plaintiff's motion for leave to amend the complaint (ECF 10) as unnecessary. Should Plaintiff choose to amend his complaint as provided by Fed. R. Civ. P. 15(a)(1), he may submit an amended complaint within 45 days of the date of this order. If Plaintiff does not file an amended complaint within 45 days of the date of this order, the Court will treat the original complaint as the operative pleading.

The Court also denies Plaintiff's request for initial discovery (ECF 7) and motion to stay the proceedings (ECF 8). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 10, 2023
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge