UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA MUZUMALA,

      Plaintiff,

-against-

UNKNOWN FEDERAL AGENTS, et al.,

      Defendants.

22-CV-7851 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, filed this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1981, 1983, 1985, and 1986. He asserted claims premised on his belief that, a Doe couple, multiple federal agents, and their proxies mounted a campaign of harassment against him in an effort to have him deported, and then tracked and monitored his activities with x-ray equipment from New Paltz to New Orleans and back to New York. On August 28, 2023, the Court dismissed this action under 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous, and entered judgment that same day. (ECF 12-13.)

  On January 14, 2024, the Court received from Plaintiff a motion for reconsideration under Local Rule 6.3 of the Southern District of New York and a memorandum of law in support of the motion. (ECF 18, 20.) In the following days, Plaintiff submitted to the court an additional seven declarations and a letter in support of his motion for reconsideration. (ECF 21-28.) In the submissions, Plaintiff contends that the Court overlooked critical facts in dismissing his complaint as frivolous, and that new information has come to light to support the "underlying premise" of his complaint, "that directed energy systems have been used against [him] for the purpose of causing [him] daily excruciating pain and discomfort in order to run [him] out of the country." (ECF 20, at 28.) Plaintiff claims that the new information includes the existence of "the

phenomenon known as 'Havana Syndrome'"[1] in which victims reported some of the same symptoms he had experienced, and the Department of Defense's "Active Denial System," a "non-lethal weapon (NLW) that produces an invisible beam of focused targeted energy (DE) intended to incapacitate a target." (*Id*. at 27, 29.) Plaintiff urges the Court to depart from "conventional thinking" and consider that the defendants have used "unusual and unprecedented" methods in their efforts to run him out of the country. (*Id*. at 27.)

After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

A.   **Motion for Reconsideration under Local Civil Rule 6.3**

Plaintiff seeks reconsideration under Local Rule 6.3. A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.* The Clerk of Court entered the order and judgment dismissing this action on August 28, 2023. The Court, however, granted Plaintiff a 30-day extension of time to file a motion for reconsideration under Local Rule 6.3 on September 7, 2023, and extended that time for an additional 30 days on October 12, 2023. (ECF 15, 17.) Plaintiff did not file the motion until January 14, 2024, well beyond the extended period of time he was given. The Court therefore denies Plaintiff's Local Rule 6.3 motion for reconsideration as untimely filed.

---

[1] The "'Havana Syndrome' is a phenomenon in which U.S. officials staffed at diplomatic posts abroad have reported strange and unexplained noises, followed shortly thereafter by several medical symptoms, including "cognitive, vestibular, and oculomotor dysfunction as well as sleep disorder and headache.'" *NYT v. FBI*, No. 22-CV-3590 (JPO), 2023 WL 5098071, at 1 (S.D.N.Y. Aug. 9, 2023) (citations omitted).

B.  **Motion for Relief from a Final Order of Judgment under Rule 60(b)**

In light of Plaintiff's *pro se* status, the Court liberally construes the submissions as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

The Court finds that, even under a liberal interpretation of the motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Plaintiff's references to the Havana Syndrome and other directed energy devices do not overcome the Court's holding that his assertions of being a victim of a broad conspiracy perpetrated by the Doe couple, federal immigration agents, and their proxies amounted to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. Because Plaintiff does not

present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration (ECF 18). All other pending matters in this case are terminated. All other requests are denied as moot.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 24, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge